UNITED STATES DISTRICT COURT
OF MASSACHUSETTS
1 COURTHOUSE WAY
BOSTON, MA 02210

FILED
IN CLERKS OFFICE

2026 JUN 22  PM 12: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

LOBARI BLACKWELL,
  Plaintiff,


V.


CITY OF EVERETT; JOHN DOES 1-10
(Municipal Policymakers and Supervisors),
  Defendants.                                              Civil Action No.


COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983 (MONELL LIABILITY)


## I. INTRODUCTION

1.   This civil action arises from an unconstitutional traffic stop and seizure conducted by officers of the Everett Police Department acting under color of state law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

2.   Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the and related municipal policymakers for constitutional injuries caused by official policy, custom, practice, and deliberate indifference in training and supervision under Monell v. Department of Social Services, 436 U.S. 658 (1978).

3.   Plaintiff alleges that the constitutional violations were not isolated acts by individual officers, but rather the foreseeable result of systemic municipal failures in the use, verification, and reliance upon electronic database information to justify investigatory traffic stops.

## II. JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

2.   Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within the District of Massachusetts.

## III. PARTIES

1.   Plaintiff Lobari Blackwell is a resident of the United States and was subject to the unconstitutional seizure described herein.

2.   Defendant is a municipal entity responsible for the policies, customs, practices, training, and supervision of its police department.

3.   Defendant Everett Police Department is the municipal law enforcement agency through which the challenged policies and practices were implemented.

4.   John Does 1-10 are supervisory and policymaking officials responsible for training, supervision, discipline, and constitutional compliance within the Everett Police Department.

## IV. FACTUAL ALLEGATIONS

1. On or about December 18, 2024, Plaintiff was operating a motor vehicle in Everett, Massachusetts, when he was stopped by officers of the Everett Police Department.
2. Officers initiated the stop without observing a contemporaneous traffic violation or other criminal conduct.
3. The stop was based primarily or exclusively on electronic database information that was allegedly stale, unverified, or not independently corroborated at the time of the seizure.
4. Plaintiff was detained and subjected to investigatory questioning without lawful reasonable suspicion or probable cause, in violation of the Fourth Amendment.
5. The seizure resulted in deprivation of Plaintiff's liberty interests secured by the Constitution.

V. MONELL LIABILITY (POLICY, CUSTOM, AND FAILURE TO TRAIN)

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
2. At all relevant times, Defendant City of Everett acted under color of state law through its police officers, supervisors, policymakers, employees, customs, practices, and official procedures.
3. Plaintiff's constitutional injuries were caused not merely by the independent actions of individual officers, but by municipal policies, customs, practices, failures to train, failures to supervise, and deliberate indifference attributable to the City of Everett.
4. Upon information and belief, Everett Police officers are permitted, encouraged, or expected to rely upon electronic database information, motor vehicle records, prior citations, and related computerized law-enforcement data when initiating investigative activity and traffic enforcement actions.
5. Upon information and belief, the City of Everett failed to establish adequate safeguards requiring officers to verify the accuracy, reliability, timeliness, or constitutional sufficiency of such database information before initiating a seizure of a person.
6. Upon information and belief, the City further failed to implement adequate supervisory review, auditing procedures, corrective measures, or training programs designed to prevent unconstitutional stops, detentions, and seizures based upon inaccurate, stale, incomplete, or otherwise insufficient electronic information.
7. The need for such training and supervision is obvious because officers routinely encounter and rely upon electronic databases in the performance of their duties, creating a recurring risk that citizens will be subjected to unconstitutional seizures if constitutional safeguards are not adequately enforced.
8. Despite the obvious nature of that risk, the City failed to provide training and supervision sufficient to ensure that officers understood the constitutional limitations governing reliance on electronic database information when conducting investigatory stops and seizures.
9. The actions taken against Plaintiff were consistent with, and carried out pursuant to, these municipal practices, customs, training deficiencies, supervisory failures, or other systemic shortcomings.
10. The conduct directed toward Plaintiff was not a random or isolated departure from municipal practice but was undertaken through the ordinary operation of municipal systems, procedures, and law-enforcement decision-making processes maintained by the City.
11. The City knew or should have known that the absence of adequate verification procedures, training, supervision, and constitutional safeguards created a substantial risk that individuals would be subjected to unlawful stops, detentions, and seizures.
12. Notwithstanding that known risk, the City consciously failed to take reasonable measures to prevent such constitutional violations.
13. As a direct and foreseeable result of the City's policies, customs, practices, failures to train, failures to supervise, and deliberate indifference, Plaintiff was subjected to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.
14. The municipal policies, customs, practices, and deliberate indifference described herein were the moving force behind the constitutional violations suffered by Plaintiff.

2

15. Accordingly, Defendant City of Everett is liable under 42 U.S.C. § 1983 pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny, including Pembaur v. City of Cincinnati, City of Canton v. Harris, Board of County Commissioners v. Brown, Connick v. Thompson, and related Supreme Court precedent.

## VI. PLAUSIBILITY UNDER TWOMBLY AND IQBAL

1. Plaintiff alleges specific factual circumstances rather than mere labels, conclusions, or formulaic recitations of the elements of a cause of action. The Complaint identifies the conduct at issue, the municipal actors involved, the municipal systems and practices relied upon, and the manner in which those practices allegedly caused the constitutional deprivation.
2. The Complaint plausibly alleges that the challenged conduct did not arise from an isolated departure by a single officer, but from municipal practices governing the use of motor-vehicle database information, officer training, supervisory oversight, and enforcement procedures. The allegations permit the reasonable inference that officers acted pursuant to established municipal methods and expectations rather than purely personal discretion.
3. Plaintiff further alleges facts supporting the inference that municipal policymakers either maintained, tolerated, authorized, or failed to correct practices that foreseeably resulted in investigatory stops, detentions, or enforcement actions based upon database information without adequate verification procedures or constitutional safeguards.
4. At the pleading stage, Plaintiff is not required to prove the existence of a municipal policy, custom, or failure-to-train program. Rather, Plaintiff must allege sufficient factual matter to permit a reasonable inference that municipal action was the moving force behind the constitutional injury. The Complaint satisfies that standard.
5. Drawing all reasonable inferences in Plaintiff's favor, as required on a motion to dismiss, the factual allegations plausibly support municipal liability under Monell v. Department of Social Services and therefore state a claim for relief under 42 U.S.C. § 1983.
6. Dismissal at the pleading stage would improperly require Plaintiff to prove facts uniquely within the possession of the municipality before discovery. The Complaint contains sufficient factual content to permit the reasonable expectation that discovery will reveal evidence concerning municipal policies, customs, training practices, supervisory decisions, and database-reliance procedures relevant to Plaintiff's claims.

## VII. RES JUDICATA DOES NOT BAR THIS ACTION

1. Any assertion that this action is barred by res judicata is legally unsupported.
2. Claim preclusion requires identity of parties, identity of claims, and a final judgment on the merits.
3. Municipal liability under Monell is distinct from individual-capacity claims against officers and requires proof of municipal policy or custom, which is not adjudicated in individual officer litigation.
4. Under Taylor v. Sturgell, 553 U.S. 880 (2008), privity cannot be established through mere employment relationships or generalized representation.
5. Accordingly, prior litigation involving individual officers does not bar Plaintiff's municipal liability claims.

## VIII. CAUSATION

1. The municipal policies, customs, and failures described herein were the direct and proximate cause of Plaintiff's unconstitutional seizure.
2. But for these systemic deficiencies, Plaintiff would not have been subjected to an unlawful traffic stop based on unverified electronic information.
3. A supervisory officer responded to the scene, observed the basis for the stop, and affirmatively approved continuation of the seizure and arrest, thereby ratifying the field-level enforcement decision and reflecting the municipality's lack of meaningful supervisory constraints on investigatory stops and custodial detentions.

3

## IX. DAMAGES (JUSTIFICATION FOR AMOUNT SOUGHT)

1.  Plaintiff seeks compensatory damages for deprivation of liberty, unlawful seizure, emotional distress, humiliation, and the collateral consequences of an unconstitutional traffic stop conducted without reasonable suspicion or probable cause

2.  The damages are not limited to the brief duration of the stop itself, but include the foreseeable and continuing consequences of being subjected to a law enforcement action initiated through allegedly unreliable or unverified municipal database systems, including reputational harm anxiety, and interference with liberty interests protected by the Fourth and Fourteenth Amendments.

3.  In addition, Plaintiff alleges that the constitutional violation arises from systemic municipal practices under Monell, not a discrete isolated error. Accordingly, the harm includes the risk imposed on the public by an alleged ongoing
    A.   policy or custom that exposes individuals to unconstitutional seizures through database-driven enforcement decisions.

4.  The amount of $`100,000,000 reflects: a. the severity of constitutional rights implicated (Fourth Amendment liberty interest in bodily security and freedom from unlawful seizure); b. the alleged systemic nature of the violation affecting not only Plaintiff but similarly situated individuals; c. the need for meaningful deterrence of municipal policies that allegedly permit reliance on unverified or stale law-enforcement data; d. the discovery-dependent scope of systemic harm which may include additional unconstitutional stops not yet identified at the pleading stage.

5.  Plaintiff further asserts that municipal liability cases involving systemic constitutional violations often require damages assessments that reflect institutional conduct rather than isolated officer misconduct, particularly where
    A.   discovery may reveal repeated or widespread enforcement practices

6.  Plaintiff therefore seeks compensatory damages in an amount to be determined at trial, not less than `$100,000,000, subject to proof of systemic constitutional harm and the full evidentiary record developed through discovery

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff on all claims;

B. Award compensatory damages;

C. Award punitive damages of $100,000,000 where legally permissible;

D. Grant declaratory relief that municipal policies violated the Constitution;

E. Award costs and such other relief as the Court deems just and proper.

## XI. NO JURY DEMAND

Plaintiff respectfully requests a bench trial on all issues triable by the Court.

Respectfully submitted,

Lobari Blackwell
Plaintiff, Pro Se